UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADAM ATARI,<br><br>　　　　Defendant. | No.  2:17-cr-00232-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

　　Adam Atari ("Defendant"), a prisoner serving his sentence at the Reeves III Correctional Institution ("Reeves III CI"), a Bureau of Prisons ("BOP") facility located in Pecos, Texas, moves for reduction of his term of imprisonment under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  Mot., ECF No. 349.  The Government filed an opposition, ECF No. 353, to which Defendant replied, ECF No. 357.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Defendant's Motion to Reduce Sentence.

　　　　　　　　　　　　I.　BACKGROUND

　　On June 14, 2019, Defendant pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  See Change of Plea, ECF No. 230.  On September 6, 2019, Defendant was sentenced to thirty-one (31) months of imprisonment.  See

1

Judgment, ECF No. 285.  He has served twenty (20) of his thirty-one (31) month sentence and his projected release date is November 12, 2020.  BOP Inmate Locator, Ex. A to Mot., ECF No. 349-1.

As a result of the Coronavirus Disease (COVID-19) global pandemic, on April 1, 2020, Defendant filed a request for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) with the Warden at Reeves III CI.  Inmate Request to Staff, Ex. B to Mot. at 2, ECF No. 349-2.  The BOP denied his request on April 8, 2020.  Id. at 1.

Defendant now requests this Court reduce his sentence and release him in advance of his projected release date.  Mot. at 3. Defendant contends he is at risk of contracting, and experiencing serious complications from, COVID-19 if he remains at Reeves III CI because he previously suffered from pneumothorax, a collapsed lung.  Id.; see also Ex. B to Mot. at 2.

## II.  OPINION

### A.  Legal Standard

Generally, a court may "not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824-25 (2010).  However, the First Step Act (FSA) modified 18 U.S.C. Section 3582 to grant federal courts such authority under certain exceptions.  18 U.S.C. § 3582(c)(1)(A).  Before requesting a modification with the court, a defendant must submit a request for release with the BOP and subsequently exhaust the available administrative remedies.  Id.  A defendant exhausts the administrative remedies by either: (1) administratively appealing an adverse result or

(2) waiting for thirty (30) days to pass.  Id.  Only then may a defendant, or the Director of the BOP, file a motion for modification.  Id.

The court can modify the term of imprisonment after considering any relevant factors set forth in Section 3553(a), and if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Sentencing Commission defines "extraordinary and compelling reasons" to include reasons related to (a) the medical condition of the defendant, (b) the age of the defendant, (c) certain family circumstances, and (d) other specific reasons.  See U.S.S.G. § 1B1.13, Application Note 1.  The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction.  United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

  B. Analysis

    1. Exhaustion Requirement

The parties do not dispute that over thirty (30) days have passed since Defendant filed his request for reduction of his sentence with the Warden at Reeves III CI.  See Opp'n at 7.  Defendant has therefore met the threshold exhaustion requirement.  The Court may address the merits of his claim.

    2. Sentencing Factors

In deciding a motion for compassionate release, a court must consider the relevant factors set forth in 18 U.S.C. Section 3553.  18 U.S.C. § 3582(c)(1)(A)(i); see Dillon, 560 U.S. at 822.  Defendant does not argue his release would

implicate the sentencing factors.  Meanwhile, the Government argues "[d]eterrence and promotion of respect for the law are [] important factors in this case."  Opp'n at 11.  The Court agrees.  However, Defendant accepted responsibility by pleading guilty and is only six months away from his projected release date.  See Ex. A to Mot.  Defendant has therefore served a substantial portion of his thirty-one months of imprisonment.  As a result, the Court finds that the relevant sentencing factors would not be undermined by Defendant's release.

### 3. Extraordinary and Compelling Circumstance

Defendant argues a reduction of his sentence is warranted because of the "extraordinary and compelling global health threat posed by exposure to COVID-19."  See Mot. at 9-11.  Beyond presenting generalized evidence about the increased danger COVID-19 poses to all presently incarcerated individuals, Defendant argues his sentence should be reduced for several individualized reasons.  Most relevant here, Defendant claims he suffered from pneumothorax, a collapsed lung, when he was a teenager.  Reply at 4.  However, no medical records are available to corroborate this, nor does Defendant contend he has had any respiratory issues since.  Id.

Defendant does not specify which of the Sentencing Commission's subdivisions support his request for early release. However, the Court need not determine which are relevant as Defendant has not presented any extraordinary and compelling individualized circumstances that warrant a reduction in his sentence. Courts have found general concerns about possible exposure to COVID-19 "do not meet the criteria for extraordinary

4

and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement. See United States v. Aguila, Case No. 16-CR-00046, WL 1812159 at *2 (E.D. Cal. 2020) (quoting United States v. Eberhart, Case No. 13-CR-00313, WL 1450745 at *2(N.D. Cal. 2020)).

There are no confirmed cases of COVID-19 at Reeves III CI. Opp'n at 4. Defendant himself has admitted to having no further respiratory issues beyond the collapsed lung, which happened many years ago. Reply at 4. Defendant presents no other medical conditions that might increase his risk of complications if he contracted COVID-19. Moreover, at thirty-six years old, Defendant is not within the high-risk age group. Thus, although Defendant's release would not undermine the sentencing factors, he has failed to demonstrate extraordinary and compelling circumstances to warrant a reduction of his sentence.

## III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Reduce Sentence.

IT IS SO ORDERED.

Dated: May 22, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE